UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN BRAXTON, also known as
Obed/Edom Braxton

                            Plaintiff,

   -against-                                      9:19-CV-0073 (LEK/ML)

E. BELL, Superintendent, Clinton
Correctional Facility, *et al.*,

                            Defendants.
_____

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Benjamin Braxton commenced this pro se action on January 22, 2019, pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff filed an amended complaint on August 21, 2019. Dkt. No. 32 ("Amended Complaint"). Liberally construed, the Amended Complaint alleges violation of Plaintiff's Eighth Amendment rights by Defendants Holland and Marion due to failure to protect and by Defendants Devlin-Varin, Bell, Johnson, and Merriman due to deliberate medical indifference. See Am. Compl. at 1–15.

Now before the Court is a Report-Recommendation prepared by the Honorable Miroslav Lovric after review of Defendants' motion for summary judgment. Dkt. Nos. 116 ("Report-Recommendation"), 90 ("Motion for Summary Judgment"). Judge Lovric recommends that the Motion for Summary Judgment be granted in part and denied in part. For the reasons that follow, the Court approves and adopts the portion of the Report-Recommendation that recommends dismissal of Plaintiff's medical indifference claims. R. & R. at 17–26. The Court undertakes de novo review of Plaintiff's failure to protect claims and denies Defendant's Motion for Summary Judgment regarding those claims.

## II. BACKGROUND

### A. Factual Allegations

Petitioner's factual allegations are detailed in the Court's Decision and Order dated August 21, 2019, familiarity with which is assumed. See Dkt. No. 31 at 4–8.

### B. The Report-Recommendation

After review of the facts and claims asserted by Plaintiff, Judge Lovric recommended that Defendants' motion for summary judgment be granted insofar as it seeks dismissal of Plaintiff's medical indifference claims against Defendants Bell, Johnson, Devlin-Varin, and Merriman because the record establishes that Plaintiff was not deprived of adequate medical care, and even if medical care was not adequate, the harm caused by the deprivation was not sufficiently serious. R. & R. at 23, 25–26, 32.

But Judge Lovric recommended that Defendant's motion be denied regarding Plaintiff's claims for failure to protect against Defendants Holland and Marion. Id. at 29. The Magistrate found that a dispute as to material fact existed regarding whether Holland and Marion were aware of a substantial risk to Plaintiff prior to the alleged assault committed by another inmate on April 9, 2018, and were deliberately indifferent to that risk. Id. at 28.

## III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that

2

aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

### A. Plaintiff's Objection

Plaintiff timely filed an objection to the portions of the Report-Recommendation recommending dismissal of Plaintiff's claims for medical indifference. See Dkt. No. 125. The Court finds, however, that Plaintiff's objection merely reiterates arguments already made in Plaintiff's response to the Motion for Summary Judgment. Dkt. No. 109 ("Response").

Consequently, the Court reviews these portions of the Report-Recommendation for clear error and finds none. The Court adopts the portions of the Report-Recommendation recommending dismissal of Plaintiff's medical indifference claims.

### B. Defendant's Objection

Defendants do not object to the Magistrate's findings that Holland and Marion are not entitled to qualified immunity. See generally Defs.' Obj. The Court reviews this analysis for clear error and finds none.

Defendants object to the portion of the Report-Recommendation dealing with Plaintiff's claims that Holland and Marion failed to protect her. See Dkt. No. 120 ("Defendants' Objection").

Prison officials can be held responsible for a failure to protect only if they act with "deliberate indifference" to inmate safety. Hayes v. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 831 (1994)). The test for deliberate indifference to inmate safety has an objective component and subjective component. The objective prong requires that a plaintiff show she was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. Under the subjective prong, a plaintiff must establish that the prison official acted with a "sufficiently culpable state of mind." Id.

To establish a culpable state of mind under the Eighth Amendment deliberate indifference framework, a plaintiff must show a prison official knew that the plaintiff "face[d] a substantial risk of harm and [the official] disregard[ed] that risk by failing to take reasonable measures to abate the harm." Hayes, 84 F.3d at 620 (citing Farmer, 511 U.S. at 842, 845). An official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The prison official need not be "aware[ ] of the specific risk to the plaintiff or from the assailant." Warren v. Goord, 579 F. Supp. 2d 488, 495 (S.D.N.Y. 2008). Rather, the risk may come from a "single source or multiple sources" and may be a risk that all prisoners in the plaintiff's position face. Id. (quoting Farmer, 511 U.S. at 843).

Judge Lovric observed that Defendants' Motion for Summary Judgment and its attached declarations discuss Marion and Hanson's actions taken *after* the incident on April 9, 2018. See R. & R. at 28–29. Defendants do not address the fact that Plaintiff allegedly sent letters outlining the risk to her safety *prior* to the incident. See id. Plaintiff further asserts that Defendants did nothing to address the risk of harm described in the letters. See id. Judge Lovric thus found that a

reasonable jury could find both Defendants were aware of a substantial risk of serious harm to Plaintiff prior to the attack, but failed to take reasonable measures to abate that harm. Id.

In their objection, Defendants now argue that Marion and Hanson did not have any way to know of a risk to Plaintiff's health prior to the altercation, stating that "[b]esides the letters that Plaintiff alleges [she] sent to the Defendants, Plaintiff points to no other event or occurrence that may have placed Defendants in a position to know or infer that there was a substantial risk of harm to her before April 9, 2018." See Def.'s Obj. at 5.

But the Court cannot so easily dispense with Plaintiff's letters to Marion and Holland. Plaintiff has, on the record, provided letters that she allegedly sent to Holland on March 5, 2018, Dkt. No. 32-2 ("Exhibits to the Amended Complaint") at 1, and March 29, 2018, id. at 3, as well as letters allegedly sent to Marion on March 8, 2018, id. at 2, and March 29, 2018, id. at 4. These letters state that Plaintiff is "gender nonconforming" and that inmate Lynch, who was much larger than she was, had been stalking and sexually harassing her. Id. at 1–4. Plaintiff states in the letters that she feared for her well-being and requested protective custody. Id. Plaintiff alleges she was then assaulted by Lynch on April 9, 2018. Id. at 6.

A reasonable jury could choose to believe Plaintiff sent these letters and that they were received by Defendants, and could thus conclude that Defendants were aware Plaintiff faced a substantial risk of serious harm as a gender non-conforming inmate being stalked and harassed by a much larger inmate. See Manning v. Griffin, 15-CV-0003, 2016 WL 1274588, at *7 (S.D.N.Y. Mar. 31, 2016) (stating that the widespread recognition "that transgender inmates face heightened risks of sexual assault, including in DOCCS facilities, render it plausible that Defendants, concerned about the safety of Sullivan's inmates, were aware that the Plaintiff 'belongs to an identifiable group of prisoners who are frequently singled out for violent attack by

other inmates,'" Farmer, 511 U.S. at 843, and thus was subject to a heightened risk of harm as a transgender prisoner in a male prison.") (collecting cases). Defendants do not contend that they took any action to abate that harm.

In the face of Plaintiff's letters, Defendants maintain their argument that no dispute as to material fact exists regarding their awareness of a substantial risk of serious harm. See Defs.' Obj. at 3–7. They argue that evidence on the record establishes Plaintiff was not actually in a position of substantial risk. Defendants contend, for example, that Plaintiff refused to accept protective custody after the incident, that an investigation into the incident found Plaintiff was the aggressor, and that a separate investigation found no evidence to support Plaintiff's claims of harassment occurring prior to April 9, 2018. See id. at 3–5. While this evidence may indeed tend to show that Plaintiff was not in a position of substantial risk, it is not so strong that a jury could not credit the contrary evidence on the record and reasonably find in Plaintiff's favor.

Similarly, Defendants point to testimony from Holland and Marion wherein they state they did not receive any letters from Plaintiff prior to the incident on April 9, 2018. See id. at 6–7. Disputes regarding whether or not Plaintiff sent the letters at issue, and whether Defendants received them, constitute issues of material fact that are not properly resolved by a court at the summary judgment stage. See Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (At summary judgment "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.") (internal quotation marks omitted).

Thus, the Court denies Defendants' Motion for Summary Judgment regarding Plaintiff's failure to protect claims against Holland and Marion.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the portion of the Report-Recommendation (Dkt. No. 116) that recommends dismissal of Plaintiff's medical indifference claims is **APPROVED and ADOPTED** in its entirety; and it if further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No 90) is **GRANTED** insofar as it seeks dismissal of Plaintiff's medical indifference claim against Defendants Bell, Johnson, Devlin-Varin, and Merriman; and it is further

**ORDERED**, that Defendants Bell, Johnson, Devlin-Varin, and Merriman be **TERMINATED** from this action; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 90) is **DENIED** insofar as it seeks dismissal of Plaintiff's failure to protect claims against Defendants Holland and Marion; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    April 29, 2022
          Albany, New York

LAWRENCE E. KAHN
United States District Judge